COURT OF APPEALS
DECISION
DATED AND FILED

January 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2137-CR**

Cir. Ct. No. **2019CF341**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

STEVEN LEE JOHNSON,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Douglas County: KELLY J. THIMM, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Steven Lee Johnson appeals from a judgment convicting him of operating a motor vehicle while intoxicated (OWI), as a tenth

offense, and from an order denying his postconviction motion. Johnson contends that his defense counsel provided constitutionally ineffective assistance by failing to argue in his suppression motion that his vehicle registration was invalidly suspended. Because we conclude that defense counsel did not perform deficiently, the traffic stop was supported by reasonable suspicion, and the denial of the suppression motion was proper, we affirm.

## BACKGROUND

¶2     On July 13, 2019, an officer from the Superior Police Department observed Johnson's vehicle leaving a fenced-in industrial area late at night where copper and wire thefts had been reported. The officer ran a record check on the vehicle, which showed that its registration was suspended, so he stopped the vehicle. During the stop, the officer smelled alcohol and noticed that Johnson's eyes were bloodshot. Johnson admitted that he had been drinking, and he performed poorly on field sobriety tests. Given Johnson's nine prior OWI convictions, he was subject to a 0.02 blood-alcohol limit. The officer arrested Johnson, and he was subsequently charged with OWI as a tenth offense.

¶3     Before trial, Johnson moved to suppress evidence from the traffic stop, arguing that the stop was pretextual and unlawfully prolonged. The circuit court denied the motion to suppress. Johnson was convicted by a jury, and he received a sentence of eight years of initial confinement followed by three years of extended supervision.

¶4     Johnson filed a postconviction motion, arguing that he received ineffective assistance because his trial counsel did not argue that the traffic stop was unconstitutional. Johnson contended that because the officer incorrectly believed that Johnson's vehicle registration was suspended, the officer had no reasonable

articulable basis for the stop. In fact, the registration was not suspended, and an administrative error had caused the officer to believe otherwise.

¶5 At the postconviction hearing, defense counsel testified that he knew about the administrative error, but he also concluded that existing case law did not support suppressing the evidence on that basis. The circuit court ruled that counsel's decision was reasonable and that Johnson had failed to show either systemic administrative errors or police misconduct that would justify suppression. The court further noted an independent basis for the stop—Johnson's presence in a fenced-in industrial area at an unusual hour where thefts had occurred. The court therefore denied the motion for postconviction relief, and this appeal follows.

## DISCUSSION

¶6 To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deemed deficient only if it falls below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 688. To establish prejudice, a defendant must demonstrate that, but for counsel's errors or omissions, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 695-96. However, "a defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." *State v. Sholar*, 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing *Strickland*, 466 U.S. at 693).

¶7 The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *See Heien v. North Carolina*, 574 U.S. 54, 57 (2014). A police officer may conduct a brief investigatory traffic

stop if the officer has a reasonable suspicion, based on specific and articulable facts, that an individual is engaged in criminal activity. *Id.* at 60. Reasonable suspicion is less demanding than probable cause but requires more than an unparticularized hunch. *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Further, searches and seizures based on a mistake of fact or law are constitutionally permissible if the mistake is objectively reasonable. *Heien*, 574 U.S. at 57.

¶8      Johnson argues that the traffic stop was initiated because the police officer incorrectly believed that Johnson's vehicle registration was suspended and that his counsel should have pursued suppression of all evidence obtained after the stop on that ground. This argument is unavailing. Defense counsel's decision to pursue other suppression arguments rather than challenging the registration error was an objectively reasonable strategic choice. Counsel testified that he was aware of the factual error, researched its implications, and stated that he knew a mistake of fact was not a basis to suppress the evidence obtained as a result of the stop.

¶9      Postconviction counsel introduced evidence in an effort to support a claim for systemic negligence and administrative error[1] by calling an officer from the Superior Police Department. That officer explained that the department very occasionally had a problem with a third-party vendor failing to timely clear registration suspensions. He further explained that the department had changed vendors because it was dissatisfied with the vendor in place when Johnson was arrested. The officer stated that the department experienced about one mistaken registration suspension per month out of 3,000 to 5,000 tickets issued per month. The postconviction court concluded that a reasonable mistake of fact on law

___

[1] *See* **Herring v. United States***,* 555 U.S. 135, 147 (2009) (holding that suppression is not required "when police mistakes are the result of negligence … rather than systemic error or reckless disregard of constitutional requirements").

enforcement's part does not render a stop unconstitutional, and there was no basis to claim that the mistake occurred due to the police department's systemic administrative error. We agree with the postconviction court's conclusion in that regard.

¶10 Counsel's conclusion that a reasonable mistake of fact does not invalidate a traffic stop was correct. *See id.* Counsel did not perform deficiently by deciding not to assert a non-meritorious argument. *See State v. Berggren*, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769 N.W.2d 110. Moreover, the traffic stop did not violate Johnson's constitutional rights because the officer's observations of suspicious activity, coupled with his reasonable belief that Johnson's registration was suspended, combined to objectively provide reasonable suspicion sufficient to justify the stop. Accordingly, we reject Johnson's argument that he received ineffective assistance of counsel.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5. (2021-22).